**LILO GATOLAI, Plaintiff,**

v.

**GOVERNMENT OF AMERICAN SAMOA, DEPARTMENT OF PUBLIC SAFETY, TAFUNA CORRECTIONAL FACILITY, UPUESE LOGOVI'I and RAY DOLE, Defendants.**

High Court of American Samoa
Trial Division

CA No. 104-93

September 12, 1997

Before: KRUSE, Chief Justice, LOGOAI, Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiff, Asaua Fuimaono
For Defendant American Samoa Government, Fiti A. Sunia, Assistant Attorney General

## ORDER DEFERRING DETERMINATION OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS TO DISMISS FOR LACK OF PROSECUTION

The Motion of defendant American Samoa Government for Judgment on the Pleadings on this matter came for a hearing before this Court on August 25, 1997. The motion was properly brought before the court under T.C.R.C.P. 12(c). The Court declines to make a determination of the motion at this time. T.C.R.C.P. 12(d) states:

> The defenses specifically enumerated (1)-(7) in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (c) of this rule shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial.

▮▮▮ *See also, Sterling v. Velsicol Chemical Corporation*, 855 F.2d 1188, 1195 (6th Cir. 1988)("The method and timetable for deciding a Rule 12(b) motion under Rule 12(d) is left to the sole discretion of the trial judge who may defer that determination until trial."); 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE 1373 (1990)("The last portion of Rule 12(d) gives the court discretion to grant a preliminary hearing or to defer resolution of the issues until trial."); 2A James W.M. Moore, MOORE'S FEDERAL PRACTICE, 12.15 (1996)("The court, however, has discretion under Rule 12(d) to defer until the trial the hearing or determination of the motion.").

Pursuant to T.C.R.C.P. 12(d) determination of this motion will be deferred until this matter comes to trial.

We note, however, that since the filing of the complaint on September 28, 1993, the matter does not appear to have been diligently prosecuted. Unless good cause is shown to the contrary on or before October 24, 1997, the action will be dismissed with prejudice without further notice.

It is so Ordered.